IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BUDDY RAY GUNN, § | |
|  Petitioner, § | |
| § | |
| v. § | C.A. No. C-05-276 |
| § | |
| JOE D. DRIVER, WARDEN § | |
|  Respondent. § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

 Petitioner Buddy Ray Gunn is a federal inmate incarcerated at the Federal Corrections Institute in Three Rivers, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on June 1, 2005, (D.E. 1), along with a supporting memorandum, (D.E. 2), and one other document that appears to be a supporting memorandum to his petition, even though it is styled a "Motion to Proceed," (D.E. 3). On October 13, 2005, respondent filed a response to petitioner's habeas application, and a motion to dismiss for want of jurisdiction. (D.E 19, 20). Petitioner filed a response to respondent's motion on November 17, 2005. (D.E. 22).

 For the reasons set forth herein, it is respectfully recommended that the respondent's motion to dismiss be granted, and that the petition be denied. Additionally, it is respectfully recommended that petitioner's motion to proceed,

1

(D.E. 3), be construed as memoranda supporting the petition.[1]  To the extent additional relief is sought in the motion to proceed, (D.E. 3), it is respectfully recommended that the motion be denied.

## I.  BACKGROUND

On February 17, 1993, a federal grand jury in the San Antonio Division of the Western District returned an indictment charging petitioner with unlawful possession with intent to distribute in excess of 100 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  (DR 6).[2]  Petitioner pleaded not guilty.  (DR 10).  On June 10, 1993, the government filed an Enhancement Information based on two prior methamphetamine convictions for petitioner.  (DR 24).  On June 30, 1993, a jury returned a guilty verdict.  (DR 34).  On September 23, 1993, he was sentenced to 1ife imprisonment in the custody of the Bureau of Prisons.  (DR 44, 45).

Petitioner appealed from the judgment of conviction and sentence.  (DR 47, 48).  On March 27, 1995, the Fifth Circuit affirmed the judgment of conviction and sentence.  (DR 60).  Petitioner then filed a motion for new trial based on newly discovered evidence.  (DR 61).  This motion was denied on November 20, 1995.

---

[1] See infra at page 6.

[2] "DR" refers to the docket report, from the United States District Court located in San Antonio, Texas, in Criminal Case No. 5:93-CR-34-ALL.  DR is followed by the relevant docket entry number.

2

(DR 63). Petitioner appealed the order denying a new trial to the Fifth Circuit. (DR 64, 65). It affirmed the order denying a new trial, holding that there was no abuse of discretion by the district court because the evidence presented by petitioner "was not material and would not have changed the result of Gunn's trial or sentence." United States v. Gunn, Case No. 95-50874, at 2; see also (D.E. 20, Attach. 2, at 2) (unpublished Fifth Circuit decision filed June 21, 1996).

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 24, 1997. (DR 67). In this motion, he challenged his conviction based on ineffective assistance of counsel. Petitioner asserted that trial counsel failed to file a motion to suppress his statement made to law enforcement, during the search of his residence, that he owned the methamphetamine. Gunn v. United States, Case No. SA-97-CA-0529, at 3. He also claimed that trial counsel failed to object at trial when his statement was offered into evidence. Id. On November 12, 1997, United States Magistrate Judge Primomo filed a memorandum and recommendation, which recommended that Mr. Gunn's motion to vacate be denied on the merits. (DR 70); see also (D.E. 20, Attach. 4, at 3) (magistrate judge's memorandum and recommendation). On March 16, 1998, the district court adopted the magistrate judge's recommendation, and denied petitioner's request for collateral relief. (DR 74). Petitioner claims that he filed a second petition pursuant to 28 U.S.C. § 2255

3

with the Fifth Circuit, and that his request was denied on October 2, 2002.[3]  (D.E. 1, at 4).

On March 8, 2002, petitioner filed yet another challenge to his conviction and sentence in a writ of audita querela.[4]  (WQ 2).[5]  His writ was denied on March 7, 2003.  (WQ 20).  He then appealed the district court's denial of his writ to the Fifth Circuit.  Gunn v. United States, Case No. 03-50087, at 1; see also (D.E. 20, Attach. 6) (unpublished Fifth Circuit opinion filed May 19, 2005, affirming the district court's denial of petitioner's writ of audita querela).

The Fifth Circuit affirmed the district court's denial of his writ of audita querela, in which petitioner had sought to be re-sentenced as a non-career offender, because he claimed his prior drug conspiracy conviction was improperly used to classify him as a career offender pursuant to United States Sentencing Guidelines § 4B1.1.  Gunn v. United States, Case No. 03-50087, at 1.  The Fifth Circuit stated it

---

[3] There are no records on file with this Court that reference a second petition filed by Mr. Gunn with the Fifth Circuit.  The undersigned magistrate judge did locate a recent motion filed by him, with the Fifth Circuit, seeking authorization to file a successive § 2255 motion.  Gunn v. United States, Court of Appeals Docket No. 05-50502.  This motion was filed by petitioner on April 15, 2005, and was denied by the Fifth Circuit on May 10, 2005.  Id.

[4] Audita querela is Latin for "the complaint having been heard," referencing a writ that is used by an individual seeking a rehearing of a matter on the grounds of newly discovered evidence, or new legal defenses.  Blacks Law Dictionary 141 (8th ed. 2004).

[5] "WQ" refers to the docket report for petitioner's writ of audita querela, filed in the United States District Court in San Antonio, Texas, Civil Case No. 02-CV-184.  WQ is followed by the relevant docket report entry number.

was doubtful that petitioner could rely on the writ for audita querela "to obtain relief because he had other procedural vehicles available in which to raise his claims." Id. at 2 (citation omitted).  More important, it further stated that "[e]ven assuming that the writ is available to him, Gunn is not entitled to relief because he has not demonstrated that he is actually innocent of the offense that was used to support the application of the career offender guideline."  Id.

Next, petitioner claims that he filed a motion pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure with the Western District of Texas, San Antonio Division.  (D.E. 2, at 3); see also (DR 76).  As he indicated, this motion was denied on November 29, 2004.  (D.E. 2, at 3); (DR 77).

This petition was filed pursuant to 28 U.S.C. § 2241 with this Court on June 1, 2005.  (D.E. 1).  Petitioner's application invokes this Court's jurisdiction pursuant to 28 U.S.C. § 2241 through the savings clause in 28 U.S.C. § 2255.

At the same time that petitioner filed this petition, he also filed a supporting memorandum, and a motion that provides his arguments and reasoning as to why he should be permitted to proceed pursuant to § 2241 and the savings clause of § 2255.  (D.E. 2, 3).  In this motion, he also argues that United States v. Booker, 125 S. Ct. 738 (2005), should be applied retroactively.  (D.E. 3, at 8).  Because the motion advances arguments in direct support of his § 2241 motion, and does not

5

seek an independent means of relief, it is respectfully recommended that the Court construe his motion as a supplemental memorandum in support of his petition.

Respondent has filed a response and a motion to dismiss for lack of jurisdiction. (D.E. 19, 20). He argues that the relief sought by petitioner is properly brought in a § 2255 motion, and that his claims do not fall within the savings clause of that statute. On November 17, 2005, petitioner filed a response to respondent's motion to dismiss, in which he reasserts arguments made in his prior filings. (D.E. 22).

## II. PETITIONER'S ALLEGATIONS

Petitioner argues that the United States District Court for the Western District of Texas improperly sentenced him as a career offender. (D.E. 1). First, he claims that his sentence enhancement violated his Sixth Amendment and due process rights because the indictment made no reference to any prior convictions, or enhancements. Id. at 5. Next, he argues that he is actually innocent of being a career offender because the prior convictions used to enhance his sentence included a conspiracy charge, which at the time was not considered a serious enough crime to trigger an enhancement. Id.; (D.E. 2, at 3). Finally, petitioner argues that he was denied effective assistance of counsel because his counsel failed to challenge the government's use of the conspiracy charge for enhancement at his sentencing, or in

his first § 2255 motion.  (D.E. 1, at 5).

## III.  DISCUSSION

**A.     The Interplay of § 2255 and § 2241.**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence....  Section 2241 is used to attack the manner in which a sentence is executed.  A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255....  Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or effective....
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or effective....  [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (italics in original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Thus, a § 2241 petition, which attacks errors that occurred at trial or sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence.  Pack, 218 F.3d at 452.  There is an exception to this

7

rule, however, as discussed in Tolliver. Specifically, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.

The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial, or sentencing in a petition filed pursuant to § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the "remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention." Of course, this test will operate in the context

>of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (italics in original) (citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. Pack, 218 F.3d at 452-453 (citations omitted). Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

Here, all of petitioner's claims attack proceedings before and during sentencing. Thus, he seeks relief that is available not pursuant to § 2241, but pursuant to § 2255. His petition recognizes this, but he argues that his claims fall within the savings clause of § 2255, and thus may be brought in a § 2241 motion. See generally (D.E. 2, 3, 22). For the reasons set forth in the next section, it is respectfully recommended that the Court find his claim does not fall within the savings clause, and deny his petition.

## B. The Savings Clause of § 2255 Is Inapplicable to Petitioner's Claims.

Petitioner argues that his claims fall within the savings clause because they rely on a retroactively applicable Supreme Court decision, i.e., Booker. (See generally D.E. 2, 3). His argument is foreclosed by the Fifth Circuit's recent decision in Padilla. See Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (per curiam).

Like petitioner here, the petitioner in Padilla sought relief pursuant to § 2241, arguing that his claims fell within the savings clause of § 2255. In pertinent part, he argued that the sentencing court had improperly enhanced his sentence by two levels for possession of a deadly weapon, because the enhancement was unconstitutional under the Supreme Court's decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004). Both cases were decided after his sentencing.

The district court determined that the appropriate vehicle for Padilla's claims was a § 2255 motion, construed his petition as a § 2255 motion, and dismissed the petition as "second or successive." Padilla, 416 F.3d at 425. On appeal, the Fifth Circuit held that, in order to show that his claims fell within the savings clause, the petitioner had to show that he was asserting a claim of actual innocence

(i) that is based on a retroactively applicable Supreme

10

> Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Id. at 426 (quoting Reyes-Requena, 243 F.3d at 893).

In addressing Padilla's Booker claim, the Fifth Circuit noted first that his claim challenging the enhancement of his sentence failed to satisfy the first Reyes-Requena prong, because Booker's holding is not retroactively applicable to cases on collateral review. Padilla, 416 F.3d at 427. Moreover, the sentence enhancement, even if violative of the general principles of Booker, did not "demonstrate that Padilla was convicted of a nonexistent offense, and has no effect on whether the facts of his case would support his conviction for the substantive offense." Id.

It is respectfully recommended that there appears to be no meaningful distinctions between Padilla and petitioner's case that warrant a different result here. As with the petitioner's claims in Padilla, the claims in this petition appear not to satisfy the first prong of Reyes-Requena.

It is also respectfully recommended that the Court find that petitioner cannot establish that he is innocent of the charges used to classify him as a career offender. "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme

11

Court decision, he was convicted for conduct that did not constitute a crime." Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir. 2001) (per curiam). The Fifth Circuit's opinion affirming the denial of his writ of audita querela stated that "[e]ven assuming that the writ is available to him, Gunn is not entitled to relief because he has not demonstrated that he is actually innocent of the offense that was used to support the application of the career offender guideline." Gunn v. United States, Case No. 03-50087, at 2.

In addition, petitioner relies extensively on United States v. Bellazerius, 24 F.3d 698, to support his claim that he is "innocent" of being a career offender. In Bellazerius, the Fifth Circuit held that drug conspiracy convictions were not included as offenses that could serve "as a trigger for career offender enhancement." 24 F.3d 698, 701 (5th Cir. 1994). Subsequent to the decision in Bellazerius, the sentencing statute was amended. United States v. Williamson, 183 F.3d 458, 461 n.1 (5th Cir. 1999). In Williamson, the Fifth Circuit held:

> Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed.... Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.... In fact, <u>we explicitly have held that a defendant sentenced before *Bellazerius* may not later use its holding to vacate his sentence in a § 2255 motion</u>. *See United States v. Carmouche*, No. 95-30180, slip op. at 7 (5th Cir. Oct. 20, 1995) (unpublished)

12

(and cases cited therein).

183 F.3d at 462 (emphasis added) (internal citations omitted). It is respectfully recommended that petitioner has not made a showing of actual innocence of being a career offender.

For all of the foregoing reasons, it is respectfully recommended that the Court find that petitioner's claims do not entitle him to proceed under the savings clause.

**C.     Federal Court Jurisdiction Pursuant To § 2255 Motion.**

Where a petitioner is not entitled to proceed under the savings clause and § 2241, it is appropriate for the Court to construe his petition as a motion pursuant to § 2255. Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Thus, it is respectfully recommended that petitioner's motion is properly construed as a § 2255 motion.

Construed as a § 2255 motion, the Court must determine whether jurisdiction properly lies in the Southern District of Texas. Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

> of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added). Pursuant to § 2255, motions must be filed in the court where the sentence or conviction being challenged was imposed. Because petitioner is challenging a sentence imposed by the Western District of Texas, any § 2255 motion should be filed there.[6]

Accordingly, it is respectfully recommended that if petitioner's application is construed as a § 2255 motion, the Court find that jurisdiction over petitioner's § 2241 petition is not proper in this district, and that his claims should be dismissed for want of jurisdiction.

## IV.  RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that the respondent's motion to dismiss for want of jurisdiction, (D.E. 20), be granted, and that petitioner's petition for relief pursuant to 28 U.S.C. § 2241, (D.E. 1-3), be

---

[6] It is respectfully recommended, however, that construed as a § 2255 motion, petitioner's motion is likely a "second or successive" motion. See <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 867 (5th Cir. 2000) (a motion is "second or successive" when it: "(1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised in an earlier petition</u>; or (2) otherwise constitutes an abuse of the writ.") (emphasis added) (citation omitted). Petitioner is required to seek and acquire the approval of the Fifth Circuit before filing a second or successive § 2255 motion. See <u>Tolliver</u>, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

denied. Additionally, it is respectfully recommended that his Motion to Proceed, (D.E. 3), be construed as a supplemental memorandum to his petition and denied insofar as it seeks permission from this Court to proceed pursuant to the savings clause of § 2255.

    Respectfully submitted this 22nd day of November 2005.

                                       _____
                                       BRIAN L. OWSLEY
                                       UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2255 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).